UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL K GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00369-JRS-MJD |
| ) | |
| WILSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Michael K. Gregory, an inmate at Wabash Valley Correctional Facility ("Wabash Valley"), brought this 42 U.S.C. § 1983 action alleging race discrimination in violation of the Fourteenth Amendment. Defendant Sgt. Melinda Wilson ("Sgt. Wilson") has moved for summary judgment on Mr. Gregory's claim against her. Dkt. 35. For the reasons below, Sgt. Wilson's motion for summary judgment, dkt. [35], is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show

that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. UNDISPUTED FACTS

The following statement of facts was evaluated pursuant to the standards set forth above. For purposes of her motion, Sgt. Wilson does not dispute the following facts that were alleged in Mr. Gregory's complaint. *See* dkt. 36 at 1, fn. 1.

On August 14, 2017, Sgt. Wilson brought Mr. Gregory a meal tray with saliva on it. Dkt. 1 at 2. Mr. Gregory requested a new tray, but Sgt. Wilson refused to give him one. *Id*. Instead, she called him a racial slur and denied him breakfast that morning. *Id*. She also denied him recreation

time and a shower later that day. *Id*.

## III. DISCUSSION

Mr. Gregory alleges in his complaint that Sgt. Wilson discriminated against him because of his race. The Fourteenth Amendment prohibits states from denying individuals equal protection of the law. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To establish his equal protection claim, Mr. Gregory must show that he (1) is a member of a protected class, (2) he is otherwise similarly situated to members of an unprotected class, and (3) he was treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). To determine whether individuals are similarly situated, "courts ask whether the other [individuals'] situations were similar enough to the plaintiff's that it is reasonable to infer, in the absence of some other explanation, that the different treatment was a result of race or some other unlawful basis." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 656 (7th Cir. 2021) (cleaned up). "This inquiry is flexible, common-sense, and factual. It asks, essentially, are there enough common features between the individuals to allow a meaningful comparison?" *Id.* "While … comparability … is a context-dependent question often suitable for a jury, when the facts of a case suggest that no reasonable jury could see enough commonality for a meaningful comparison between the [inmates], summary judgment is appropriate." *Id.* (internal quotation omitted).

Here, Sgt. Wilson has moved for summary judgment on the grounds that Mr. Gregory cannot designate evidence of a similarly situated individual[1] who was treated better than Mr. Gregory was. *See* dkt. 36 at 1.  In response, Mr. Gregory has not designated any evidence of

---

[1] In her brief, Sgt. Wilson characterizes Mr. Gregory's claim as a class-of-one claim instead of a race discrimination claim. *See* dkt. 36 at 4-6. However, Mr. Gregory has alleged discrimination based on his membership in a protected class, specifically his race. Nevertheless, because Mr. Gregory must show evidence of similarly situated individuals under either theory of liability, the Court applies the same analysis delineated above.

similarly situated individuals to him that would allow a reasonable jury to infer that Sgt. Wilson discriminated against him because of his race. Without doing so, Mr. Gregory cannot withstand Sgt. Wilson's summary judgment motion. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (defendant is entitled to judgment when plaintiff has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."); *see also Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Celotex*).

To be sure, the use of "derogatory racial epithet[s]" by a prison official is "unprofessional and inexcusable," but it does not by itself violate Mr. Gregory's constitutional rights. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *see also Davis v. Time Warner Cable of Southeastern Wisconsin, L.P.,* 651 F.3d 664, 667 (7th Cir. 2011) (stray objectionable comments do not establish a discrimination claim). In short, Mr. Gregory has failed to designate evidence that would allow a reasonable jury to return a verdict in his favor, as is required of him at this stage. *Balsewicz*, 963 F.3d at 654. Accordingly, Sgt. Wilson is entitled to summary judgment.

## IV. CONCLUSION

For the reasons above, the defendant's motion for summary judgment, dkt. [35], is **GRANTED**. The action is **dismissed with prejudice**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/25/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL K GREGORY
852611
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838